UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LORI DRISCOLL,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERSON SESSIONS, In His Official Capacity as the Attorney General of the United States, and, INTER-CON SECURITY SYSTEMS, INC.,<br><br>Defendants. | Civil Action No.<br>5:16-CV-0059 (DNH/DJS) |

## SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL

It is hereby stipulated and agreed by and between Lori Driscoll ("Plaintiff"), Jefferson Sessions, in His Official Capacity as the Attorney General of the United States, sued herein as the head of the United States Marshals Service ("USMS") (the "Government Defendant"), and Inter-Con Security Systems, Inc. ("Inter-Con") (Inter-Con and the Government Defendant are herinafter collectively referred to as "the Defendants," and the Plaintiff and the Defendants are collectively referred to as "the parties"), by and through their respective attorneys, as follows:

WHEREAS, Plaintiff has filed the above-captioned civil action ("the subject complaint") against the Defendants; and,

WHEREAS, the parties, in consideration of the inherent risks of litigation and to conserve their respective resources, have reached a settlement of the subject complaint and all of those claims, including all discrimination claims and grievances, raised therein, or susceptible of

1

being raised herein, related to the subject complaint and Plaintiff's employment with Inter-Con, as a contractor for the USMS (hereinafter, collectively, "the subject claims").

THEREFORE, the Plaintiff and the Defendants agree that the subject complaint shall be resolved as follows:

1. <u>Reinstatement</u>. The parties acknowledge that Plaintiff was offered reinstatement and declined. Plaintiff applied for a current position opening for a shared time position as a Court Security Officer ("CSO") at the Syracuse Federal Courthouse in Syracuse, New York and met all medical requirements for that position. The Government Defendant approved Plaintiff's application and notified Defendant Inter-Con of its approval of Plaintiff's application, and Defendant Inter-Con offered Plaintiff the position. Plaintiff declined the offer. Plaintiff acknowledges that she no longer seeks re-employment with the Defendants.

2. <u>Compensatory Damages</u>. Government Defendant shall pay to the Plaintiff the sum of One Hundred Fifty Thousand Dollars ($150,000.00) as compensatory damages related to the subject complaint/subject claims (the "Settlement Amount"), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, resulting, and to result, from the subject matter of the subject complaint and the subject claims for which Plaintiff or her guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the Government Defendant, its agents, servants, and employees. The Government Defendant takes no position as to the tax consequences, if any, related to this payment and the Plaintiff shall be solely responsible for any tax consequences or payments related to this payment.

3. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiff will be paid out of the Settlement Amount and not in addition thereto.

4. The Plaintiff hereby waives, releases, remises, and discharges the Defendants, their agents, servants, and employees, both current and former, from any and all claims, of any kind or nature, past or present, legal or equitable, arising out of, or related to, the subject claims, and any other pending and associated grievances and all other claims related to her employment with Defendants, including those filed or capable of being filed with the EEOC, the MSPB, the U.S. District Court and/or any other tribunal or forum, except as are created solely by this Agreement, whether such claims are currently known or unknown, including, but not limited to claims for back pay, front pay, employment benefits, attorney fees, compensatory damages and costs.

5. The Plaintiff acknowledges that she has been represented by experienced legal counsel in connection with the subject claims and that she enters into this Agreement as her free act and deed, after having had sufficient opportunity to consult with her attorney. The Plaintiff has reviewed all aspects of this Agreement, has carefully read and fully understands all the provisions of this Agreement.

6. This Agreement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the Defendants or their agents, servants, or employees, and it is specifically denied that they are liable to the Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

7. The terms and conditions in this Agreement constitute the entire agreement between the Plaintiff and the Defendants and supersede all previous and contemporaneous statements, communications, representations or agreements, either written or oral, by or between the parties with respect to the subject matter hereof.

8. The Agreement shall not be modified or amended except by an instrument in writing signed by each of the parties hereto. To the extent that any individual provisions of this Agreement are subsequently deemed to be unenforceable, the remaining provisions shall remain in full force and effect.

9. It is understood and agreed that the Plaintiff will not seek to rescind or set aside this Agreement on account of any dispute that may arise over the implementation of its terms, but, rather, shall seek enforcement for any alleged breach of the Agreement, pursuant to the applicable law and regulations.

10. Plaintiff acknowledges that she has been provided twenty-one (21) calendar days within which to review and consider this Agreement, and understands that she has seven (7) calendar days within which to revoke her acceptance of this Agreement. Any such revocation must be made in writing and delivered to counsel for Defendants on or before the seventh calendar day after Plaintiff signs this Agreement. Plaintiff further represents that she is represented by counsel in this action; she has conferred with her attorney prior to executing this Agreement; she has examined and understands the provisions of 29 U.S.C. § 626(c)(1)(A) through (E); and that the requirements of those provisions are fully met and satisfied in connection with this Agreement.

11. This Agreement shall be interpreted in accordance with the plain meaning of its terms.

12. The parties agree that facsimile, electronic, or scanned signatures on this Agreement are acceptable for purposes of execution.

13. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

14. The above-captioned action shall be dismissed with prejudice and without costs or attorneys' fees after payment of the settlement proceeds provided for by this Agreement.

15. The parties each represent and warrant that no party hereto is an infant or an incompetent.

Executed this ___ day of June, 2017

Executed this ___ day of June, 2017

RICHARD S. HARTUNIAN
United States Attorney
Northern District of New York

_____
Thomas N. Ciantra, Esq.
Kate M. Swearengen, Esq.
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 563-4100
(212) 695-5436
Attorneys for Plaintiff

By: _____
Karen Folster Lesperance
Assistant United States Attorney
Attorney for Defendant Jefferson
Sessions, in his Official Capacity as
Attorney General of the United States

Executed this 7th day of June, 2017

Executed this ___ day of June, 2017

_____
Lori Driscoll

_____
Denise E. Giraudo, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Attorney for Defendant Inter-Con Security
Systems, Inc.

SO ORDERED:

12. The parties agree that facsimile, electronic, or scanned signatures on this Agreement are acceptable for purposes of execution.

13. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

14. The above-captioned action shall be dismissed with prejudice and without costs or attorneys' fees after payment of the settlement proceeds provided for by this Agreement.

15. The parties each represent and warrant that no party hereto is an infant or an incompetent.

Executed this 8th day of June, 2017

Executed this ___ day of June, 2017

RICHARD S. HARTUNIAN
United States Attorney
Northern District of New York

_____
Thomas N. Ciantra, Esq.
Kate M. Swearengen, Esq.
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 563-4100
(212) 695-5436
Attorneys for Plaintiff

By: _____
Karen Folster Lesperance
Assistant United States Attorney
Attorney for Defendant Jefferson
Sessions, in his Official Capacity as
Attorney General of the United States

Executed this ___ day of June, 2017

Executed this ___ day of June, 2017

_____
Lori Driscoll

_____
Denise E. Giraudo, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Attorney for Defendant Inter-Con Security
Systems, Inc,

SO ORDERED:

5

12. The parties agree that facsimile, electronic, or scanned signatures on this Agreement are acceptable for purposes of execution.

13. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

14. The above-captioned action shall be dismissed with prejudice and without costs or attorneys' fees after payment of the settlement proceeds provided for by this Agreement.

15. The parties each represent and warrant that no party hereto is an infant or an incompetent.

Executed this ___ day of June, 2017

Executed this  9  day of June, 2017

RICHARD S. HARTUNIAN
United States Attorney
Northern District of New York

_____
Thomas N. Ciantra, Esq.
Kate M. Swearengen, Esq.
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 563-4100
(212) 695-5436
Attorneys for Plaintiff

By: _/s/ K. Lesperance_____
Karen Folster Lesperance
Assistant United States Attorney
Attorney for Defendant Jefferson
Sessions, in his Official Capacity as
Attorney General of the United States

Executed this ___ day of June, 2017

Executed this ___ day of June, 2017

_____
Lori Driscoll

_____
Denise E. Giraudo, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Attorney for Defendant Inter-Con Security
Systems, Inc,

5

12. The parties agree that facsimile, electronic, or scanned signatures on this Agreement are acceptable for purposes of execution.

13. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

14. The above-captioned action shall be dismissed with prejudice and without costs or attorneys' fees after payment of the settlement proceeds provided for by this Agreement.

15. The parties each represent and warrant that no party hereto is an infant or an incompetent.

Executed this ___ day of June, 2017

Executed this ___ day of June, 2017

RICHARD S. HARTUNIAN
United States Attorney
Northern District of New York

_____
Thomas N. Ciantra, Esq.
Kate M. Swearengen, Esq.
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 563-4100
(212) 695-5436
Attorneys for Plaintiff

By: _____
Karen Folster Lesperance
Assistant United States Attorney
Attorney for Defendant Jefferson
Sessions, in his Official Capacity as
Attorney General of the United States

Executed this ___ day of June, 2017

Executed this 9th day of June, 2017

*[signature: Denise Giraudo]*

_____
Lori Driscoll

_____
Denise E. Giraudo, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Attorney for Defendant Inter-Con Security
Systems, Inc,

SO ORDERED:

_____
Hon. David N. Hurd
United States District Judge